**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,        ) | CR07-1132-PHX-DGC |
|                                  ) | |
|           Plaintiff,             ) | **ORDER** |
|                                  ) | |
| vs.                              ) | |
|                                  ) | |
| Albert Truax,                    ) | |
|                                  ) | |
|           Defendant.             ) | |
|                                  ) | |

On October 29, 2008, the Court held a competency hearing for Defendant Albert Truax. On the basis of the Forensic Report dated September 29, 2008, prepared by a clinical psychologist at the United States Medical Center for Federal Prisons in Springfield, Missouri, the Court concluded that Defendant is not competent to stand trial. Dkt. #55. Both counsel agreed. The Court and counsel then held a discussion about whether the Court should now transport Defendant back to the Springfield facility for a dangerousness determination under 18 U.S.C. § 4246(a). The Court ordered briefing on the issue. Memoranda have been filed (Dkt. ##60, 61), and the Court heard oral argument on November 13, 2008.

Defendant contends that because he was returned to the jurisdiction of this Court without the initiation of any proceedings under 18 U.S.C. § 4246, this Court lacks the legal authority to order him into the custody of the Attorney General for proceedings under that provision. In support, Defendant cites *Weber v. United States District Court*, 9 F.3d 76 (9th Cir. 1993). The Court concludes, however, that *Weber* is distinguishable and that the Court does have authority to return Defendant to the custody of the Attorney General for further proceedings under § 4246.

A jury convicted Weber on three counts of making threats against the President of the United States. The district court subsequently determined that Weber suffered from a mental disease or defect and imposed a provisional sentence, during which Weber was to receive treatment at FMC-Springfield pursuant to 18 U.S.C. § 4244. Following one year of treatment, the director of FMC-Springfield certified that Weber had recovered from his mental disease or defect and recommended that the district court proceed to final sentencing. At the sentencing hearing, the district found that the director had not made an evaluation under § 4246 to determine whether Weber was a danger to the community. Noting that Weber was due to be released for time served, the district court stayed the entry of Weber's sentence and ordered that he be returned to FMC-Springfield for a § 4246 evaluation. 9 F.3d at 77-78. On appeal, the Ninth Circuit held that the district court lacked the authority to initiate a § 4246 hearing because that section requires that the person in question suffer from a mental disease or defect and the director of FMC-Springfield had certified that Weber no longer suffered from such infirmities. *Id.* at 79.

In this case, the Court has determined, pursuant to 18 U.S.C. § 4241(d), that Defendant is incompetent to stand trial and unlikely to attain the capacity to stand trial in the foreseeable future. Dkt. #55. Thus, unlike the defendant in *Weber*, who was competent to proceed with sentencing, Defendant Truax is subject to the provisions of § 4246. The final sentence of § 4241(d) makes this clear: "If, at the end of the time period specified [for a competency evaluation and possible restoration to competency], it is determined that the defendant's mental condition has not so improved as to permit proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248." 18 U.S.C. § 4241(d). This language constitutes clear authority for the Court to transport Defendant in furtherance of the purposes of § 4246(a). *See also United States v. Ohnick*, 803 F.2d 1485, 1486 (9th Cir. 1986) ("Ohnick appeared in the [district] court for a final determination on his competency to stand trial. The court found that neither was Ohnick presently competent nor was there a substantial probability that he would obtain competency in the foreseeable future. As a result, Ohnick was then subject to the provisions of 18 U.S.C. § 4246."); *United States v.*

*Rivera-Moreles*, 365 F. Supp. 2d 1139, 1142 (S.D. Cal. 2005) (stating that the Ninth Circuit in *Weber* concluded that "§ 4246 was not applicable because § 4246 only applies where the defendant is determined to be incompetent, and Weber was deemed competent by the district court"); *United States v. Trillo-Cerda*, 244 F. Supp. 2d 1065, 1069 (S.D. Cal. 2002) (distinguishing *Weber* and stating: "Here, all agree that defendant in his current unmedicated state is incompetent, and the court has so held. Thus, § 4246 is otherwise applicable.").

Defendant relies on *Weber*'s statement that the district court lacked authority to initiate a hearing under 18 U.S.C. § 4246 because "the director of the facility is to make the initial determination regarding the dangerousness issue." 9 F.3d at 79. Defendant asserts that because the director in this case failed to initiate a dangerousness evaluation, the Court now lacks authority to initiate the process. The statement in *Weber*, however, was made in the context of a defendant who had been found mentally competent and who therefore was not subject to § 4246. Indeed, this was the basis for the Ninth Circuit's holding. *Id.* ("The medical facility that treated Weber had already certified to the district court that Weber no longer suffered from a mental disease or defect requiring custody for care or treatment. Accordingly, the district court's order of July 13, 1993, to the extent it ordered Weber to return to the United States Medical Center in Springfield, Missouri under 18 U.S.C. § 4246, was unauthorized."). The Ninth Circuit did not address the issue presented in this case – whether an incompetent defendant may be returned to the Springfield facility for a § 4246 determination. Moreover, this Court fully agrees that the facility director, not this Court, makes the initial determination of dangerousness. The Court will transport Defendant to the facility for that purpose because, as the statute states, Defendant is now "subject to the provisions of section[] 4246." 18 U.S.C. § 4241(d).[1]

In enacting §§ 4241-48, Congress intended to provide protection for society as well as the rights of criminal defendants. *See Trillo-Cerda*, 244 F. Supp. 2d at 1069. Defendant

---

[1] During oral argument, defense counsel referred to the legislative history of §§ 4241 and 4246. The Court finds that history to be consistent with the language of the statute relied on in this order.

- 3 -

1  has cited no case law "holding that where a federal pretrial detainee is determined to be
2  incompetent under § 4241, a dangerousness certification under § 4246 is precluded simply
3  because the defendant happens not to be in the physical custody of the treatment facility
4  where he was originally committed." *Id.*  The Court concludes that it has the authority under
5  § 4241(d) to return Defendant to the custody of the Attorney General for the purpose of
6  allowing the doctors at FMC-Springfield to certify Defendant as dangerous pursuant to
7  § 4246, should they find that such a certification is warranted.  *See id.*; *Rivera-Moreles*, 365
8  F. Supp. 2d at 1145.

**IT IS ORDERED:**

1. Defendant is committed to the custody of the Attorney General for a reasonable period of time, not to exceed 45 days, to complete an evaluation under 18 U.S.C. § 4246(a).  *See* 18 U.S.C. § 4247(b).
2. Defendant shall be transported to the United States Medical Center for Federal Prisons in Springfield, Missouri, for the dangerousness evaluation.

DATED this 17th day of November, 2008.

*Daniel G. Campbell*
David G. Campbell
United States District Judge